No. 610

LAND v. SCHROEDER

Ohio Appeals, Ninth District

No. 625.   May 4, 1923

This opinion has not been published except in Abstract.

REAL ESTATE COMMISSION—Contract to pay real estate agent a commission if property is "sold" by him does not require actual sale but only procurement of a bona fide purchaser who is ready to buy.

PARDEE, J.

Epitomized Opinion

Action for commission for selling real estate under a written agreement signed by defendant which provided in part:

"If said property is sold before the expiration of this agreement . . . to any person with whom you have had negotiations, I agree to pay . . ."

Plaintiffs alleged that they sold said property to M. for the price and upon the terms specified in said contract and received from said M. $500 as deposit on the purchase price, but defendant refused to complete the sale. The trial court directed a verdict for defendant, taking the view that under the contract it was necessary for plaintiffs to prove that they had made a valid sale and that defendant was not under any obligation to pay unless a sale was actually made. Error was prosecuted to this court. Held:

Under the terms of this contract all plaintiffs had to do was to procure a bona fide purchaser who was ready, able and willing to buy said property for the price and upon the terms mentioned in said contract. This the evidence tended to prove. Judgment of Common Pleas reversed.

Attorneys—Lee J. Myers, for Land; Musser, Kimber & Huffman, for Schroeder.

---

No. 611

M. ZWISLER v. AETNA LIFE CO.

and

A. ZWISLER v. M. ZWISLER

Ohio Appeals, 9th District, Summit County

Nos. 746 and 750. Decided May 16, 1923

This opinion has not been published except in Abstract.

INSURANCE—change of beneficiary without consent of party to insurance contract.

PER CURIAM.

Epitomized Opinion

Controversy between A. and M. Zwisler as to the proceeds of insurance policy on the life of A. J. Zwisler, the son of A. Zwisler and the husband of M. Zwisler. Both A. and M. Zwisler brought separate actions against the Aetna Co., which company filed an interpleader, brought the money into court, was discharged from proceedings, and the cases were consolidated. By the terms of the policy the beneficiary could not be changed without the written consent of the Goodyear Tire & Rubber Co. The beneficiary was changed from M. Zwisler to A. Zwisler without this written consent. The trial court found for M. Zwisler and ordered the money paid over to her. A. Zwisler prosecuted both error and appeal. M. Zwisler contended the case is not appealable. In affirming the judgment, the Court of Appeals held:

1. As interpleader was a chancery proceeding before there was a statute governing it, the case is appealable.

2. Where insurance contract requires written consent of a party to change beneficiary, such change without this written consent is ineffectual.

Attorneys—J. Taylor, for M. Zwisler; May, Roetzel, Zesiger & May, for A. Zwisler.

---

SPIEGEL v. KRAUS

Superior Court, Cincinnati, Hamilton County

No. 58672.   Decided July 23, 1923

SALES—Recovery for goods delivered.

MARX, J., Cin. Sup.

Epitomized Opinion

Kraus received certain lamp shades from Spiegel and had never returned them to Spiegel and still had possession of them. The evidence disclosed that the lamp shades were still worth the purchase price. The jury rendered a verdict for the purchase price. The court held:

1. "Kraus is not prejudiced in being required to pay the purchase price of the lamp shades."

Attorneys—J. W. Kittering and Dickerson & Dickerson, for Spiegel; Harmon, Colston, Goldsmith & Hoadley, for Kraus.